UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
QUEENS COLLEGE STUDENTS FOR LIFE, on
behalf of its members, and NORVILIA
ETIENNE,

                                       Plaintiffs,

-against-

MEMBERS OF THE CITY UNIVERSITY OF
NEW YORK BOARD OF TRUSTEES, in their
official capacities and in their individual
capacities; FELIX V. MATOS RODRIGUEZ, in
his official capacity as President of Queens
College and in his individual capacity; ADAM
ROCKMAN, in his official capacity as Vice
President for Student Affairs and in his individual
capacity; JUDY KRINITZ, in her official capacity
as Associate Director of Student Development
and Leadership and in her individual capacity;
SEVERINO RANDAZZO, former Student
Development and Leadership Coordinator in his
individual capacity; JESSICA SHAMASH, in her
official capacity as Chairman of Campus Affairs
Committee and in her individual capacity;
MARCO SIN, in his official capacity as member
of the Campus Affairs Committee and in his
individual capacity; RAVEEN
KANAGARATNAM, in his official capacity as
member of the Campus Affairs Committee and in
his individual capacity,

                                       Defendants.
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL**

17 CV 402 (CBA)(VMS)

        This Stipulation of Settlement, General Release, and Order of Dismissal ("Stipulation") entered into as of November 15, 2017, by and among plaintiffs Queens College Students for Life, on behalf of its members ("QCSL"), and Norvilia Etienne (collectively, "Plaintiffs"), and defendants the Members of the City University of New York Board of Trustees (the "Trustee

Defendants"); and defendants Felix V. Matos Rodriguez, Adam Rockman, Judy Krinitz, Severino Randazzo (the "Queens College Defendants") (collectively, "Defendants"), provides as follows:

**WHEREAS**, on January 25, 2016, Plaintiffs commenced this action in the United States District Court for the Eastern District of New York by filing a Complaint asserting claims against Defendants for damages, injunctive, and declaratory relief pursuant to 42 U.S.C. § 1983, based on alleged violations of Plaintiffs' rights under the First Amendment, and Due Process and Equal Protection clauses of the United States Constitution;

**WHEREAS**, the claims and allegations in the Complaint, together with all related filings and proceedings, constitute "the Action";

**WHEREAS**, Plaintiffs' claims in the Action challenge: (i) the constitutionality of existing procedures at Queens College of the City University of New York ("Queens College") concerning the recognition of registered student organizations at Queens College and the allocation of student activity fees to such organizations; and (ii) the constitutionality of Section 16.12 of the Bylaws of the City University of New York ("CUNY") Board of Trustees, and Article IX of the Queens College Student Association Constitution that set forth processes for student-proposed initiatives and referenda which may be utilized to propose and effect a change in the amount of student activity fees to be allocated to registered student organizations;

**WHEREAS**, Queens College has implemented revisions to the Queens College procedures concerning recognition of registered student organizations and allocation of student activity fees, but CUNY has not yet amended Section 16.12 of the Bylaws of the CUNY Board of Trustees, and Queens College has not yet amended Article IX of the Queens College Student Association Constitution;

2

**WHEREAS**, on October 23, 2017, the Trustee Defendants approved a resolution that, among other things, directs CUNY's Student Affairs and General Counsel's Office to perform a comprehensive review of CUNY's policies governing recognition of eligible student organizations and the allocation of student activity fees to such organizations, and provide recommendations expeditiously for changes to those policies in compliance with prevailing law and best practices so that the changes may be implemented no later than the 2018-2019 CUNY academic year (the "CUNY October 23, 2017 Resolution");

**WHEREAS**, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in connection with the events alleged in the Action; and

**WHEREAS**, the parties desire to resolve the Action without further litigation and without admission of fault or liability;

**NOW**, **THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, Plaintiffs and Defendants hereby stipulate and agree, and the Court orders, as follows:

1. **Dismissal of the Action:**
    a. **Claims related to procedures addressing official recognition of student groups and allocation of funding to registered student organizations, dismissed with prejudice:** All claims asserted against Defendants or against named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam – or which could have been asserted therein against Defendants or against named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam based on allegations contained in the Complaint

3

concerning the procedures at Queens College for the recognition of registered student organizations and for allocation of student activity fee funding to such organizations (except those claims listed in Paragraph 1(b) of this Stipulation) – are hereby dismissed, *with* prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2(a) of this Stipulation.

b. **Claims related to student referenda addressing the funding of student organizations, dismissed without prejudice:** All claims asserted against Defendants or against named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam – or which could have been asserted therein against Defendants or against named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam – based on the allegations set forth in the Complaint concerning the funding of registered student organizations pursuant to Section 16.12 of the Bylaws of the CUNY Board of Trustees, or Article IX of the Queens College Student Association Constitution are hereby dismissed, *without* prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2(a) of this Stipulation; *provided*, *however*, that prior to May 8, 2018, plaintiffs will not assert a claim challenging the constitutionality of Section 16.12 of the Bylaws of the CUNY Board of Trustees, or Article IX of the Queens College Student Association Constitution, unless a referendum is actually proposed pursuant

4

to one or both of those authorities that would increase or decrease funding to any specific RSO, or any group of less than all RSOs, then existing at Queens College.

2. **Acts to be Taken by Defendants:** Defendants agree to undertake the following acts:

(a) No later than November 30, 2017, the Queens College Defendants will complete the process of revising Queens College's procedures for recognizing registered student organizations and allocating student activity fee funds to such organizations, as set out in the Queens College Registered Student Organization Handbook annexed as Exhibit A hereto, in accordance with the terms of Exhibit B annexed hereto; provided, however, that Plaintiffs acknowledge that the revised procedures may be superseded by amendments to the Bylaws of the CUNY Board of Trustees enacted by the Trustee Defendants in furtherance of their CUNY October 23, 2017 Resolution or other resolution; and provided further, that in enacting any such Bylaw amendments the Trustee Defendants represent that they will seek to ensure that the amendments comply with the law, including the First Amendment to the United States Constitution;

(b) No later than December 1, 2017, the Queens College Defendants will submit a proposal and recommendation to the Queens College Student Senate to amend Article IX of the Queens College Student Association Constitution, by adding a Section 4 thereto, stating: "The initiative and referendum process may not be used to increase or decrease the funding of any specific Recognized Student Organization or any group of Recognized Student Organizations";

5

(c)     No later than May 7, 2018, the Trustee Defendants will consider the issue of whether an amendment to Section 16.12 of the Bylaws of the CUNY Board of Trustees is required for that section to comport with applicable First Amendment legal principles; and

(d)     No later than December 1, 2017, Queens College Defendants will waive collection of the total amount of student activity fees currently owed for the fall 2017 academic semester by each of Plaintiff Norvilia Etienne and the members of plaintiff QCSL listed in Exhibit C annexed hereto; collection of such fees having been deferred by Queens College up to this point.

**3.     Payments to Plaintiffs and Plaintiffs' Attorneys:** For and in consideration of Plaintiffs' execution of this Stipulation, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare as set forth in Paragraphs 7 and 8, the State of New York, on behalf of Defendants, shall pay the total sum of Five Thousand Dollars and No Cents ($5,000.00) in full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or unknown, that Plaintiffs, had, have, or may have, together or individually, against the Trustee Defendants; and/or the Queens College Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or The City University of New York ("CUNY"); and/or Queens College of the City University of New York ("Queens College") (including, but not limited to, any of CUNY's and/or Queen's College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), arising from, based upon, or alleging any of the acts,

6

transactions, occurrences, or omissions asserted in the Action. Payment of the above-referenced sum shall be made as follows:

(a) A payment in the amount of Five Thousand Dollars and No Cents ($5,000.00) in full and complete satisfaction of any and all claims for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs for any and all legal counsel who have at any time represented Plaintiffs in the Action as well as in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted in the Action. The foregoing payment shall be distributed in a single check made payable to "Alliance Defending Freedom IOLTA" and mailed to Plaintiffs' attorney at the following address:

M. Casey Mattox
Alliance Defending Freedom
440 First Street, NW, Suite 600
Washington, DC 20001

4. **State Approval of Payments:** Payment of the settlement amounts specified in Paragraph 2 of this Stipulation are subject to the approval of all appropriate New York State officials in accordance with N.Y. Executive Law § 63 and Public Officers Law § 17. Plaintiffs and Plaintiffs' attorney agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. In the event such approval is denied by any appropriate New York State official, this Stipulation shall be null, void, and of no further force and effect.

5. **Accrual of Interest:** In the event that payment of the settlement amount specified in Paragraph 2 of this Stipulation has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this

Stipulation, entered on the docket by the Clerk of Court, together with all other requested documentation, including, without limitation, documentation required under Paragraphs 3, 7, and 8 of this Stipulation, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day.

6.  **Liability of Plaintiff and Plaintiff's Attorneys for Taxes:**  It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amounts specified in Paragraph 2 of this Stipulation shall be the sole and complete responsibility of Plaintiffs (and Plaintiffs' attorney for sums paid to the attorney), and that Plaintiffs and Plaintiffs' attorney shall have no claim, right or cause of action against the Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or CUNY; and/or Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), on account of such taxes, interest or penalties.  Plaintiffs and Plaintiffs' attorney agree that they will indemnify, and hold harmless Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or CUNY; and/or Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), for the satisfaction of any such taxes, or interest or penalties on taxes.

7.  **Liability of Plaintiff and Plaintiff's Attorneys for Liens:**  Plaintiff and Plaintiff's attorney agree that neither Defendants; nor named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; nor CUNY; nor Queens College (including, but not limited to, any of

CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the settlement amounts specified in Paragraph 2 of this Stipulation. Plaintiffs and Plaintiffs' attorney shall have no claim, right, or cause of action against Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or CUNY; and/or Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), on account of such liens, and agree that they will indemnify, and hold the Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or CUNY; and/or Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), harmless for the satisfaction of any such liens.

8. **Medicare Certification:** Plaintiff Norvilia Etienne acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit D, to the OAG. Plaintiff Norvilia Etienne and Plaintiffs' attorney acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite

to payment of the settlement amounts specified in Paragraph 2 of this Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Stipulation.

9. **Liability of Plaintiffs for Any Medicare Payments and/or Liens:** Plaintiffs agree to indemnify, and hold harmless Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or CUNY; and/or Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, CUNY and/or Queens College, and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Stipulation. Upon receipt of all required documentation under Paragraphs 3, 4, and 7, payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

10. **Release of Liability:** For and in consideration of the settlement amounts referenced in Paragraph 2 and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Stipulation, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge Defendants; named defendants Jessica Shamash, Marco Sin, and Raveen Kanagaratnam; CUNY; and Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments,

and subdivisions of the State of New York), and all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, arising out of the acts, transactions, occurrences or omissions which are described, alleged, or contained in the Complaint filed in the Action. This release also includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, departments and officials in any other forum, administrative or otherwise, related to or arising from any of the transactions, acts, omissions or occurrences set forth in this Action, up to and including the date of this Stipulation, as well as a waiver for all fees and costs associated with this Action.

**11. No Other Action or Proceeding Commenced:** Other than the Action, Plaintiffs represent and warrant that neither of them have commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or CUNY; and/or Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), on their own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Stipulation.

**12.** **No Other Attorney:** Plaintiffs and the undersigned attorney for Plaintiffs represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiffs pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action, or, to the best of their knowledge, in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action.

**13.** **No Prevailing Party:** No party to this Stipulation shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**14.** **Successors and Assigns:** The terms and conditions of this Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**15.** **Authority:** Each signatory to this Stipulation hereby represents and warrants that she, he, or it has the requisite authority to enter into this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

**16.** **Voluntary Agreement:** Each of the parties hereto executes and delivers this Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect.  Each of the parties hereto acknowledges that she, he or it is aware, and is advised, of her, his or its right to seek the advice of an attorney and that she, he or it has been represented by counsel of her, his or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

**17.** **No Admission of Liability:** It is understood and agreed that any actions taken or payments made pursuant to this Stipulation are made solely to avoid the burdens and expense of

protracted litigation, and that this Stipulation and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims which have been or could have been asserted in the Action.  Nothing contained in this Stipulation shall be deemed to constitute a policy, practice, or custom of the Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or CUNY; and/or Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York).

      **18.**    <u>**No Precedential Value**</u>**:**  This Stipulation shall not in any manner be construed as determinative of the issues or claims raised, or which could have been raised, in the Action or any other proceeding, and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop the Defendants; and/or named defendants Jessica Shamash, Marco Sin, or Raveen Kanagaratnam; and/or CUNY; and/or Queens College (including, but not limited to, any of CUNY's and/or Queens College's officials, employees, or agents, whether in their individual or official capacities, and any and all agencies, departments, and subdivisions of the State of New York), in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

      **19.**    <u>**Entire Agreement**</u>**:**  This Stipulation constitutes the entire agreement among the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Stipulation, and may not be clarified,

modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

20. **Governing Law:** The terms of this Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiffs' release and waiver of federal claims pursuant to Paragraph 9 of this Stipulation.

21. **Severability:** If any provision of this Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

22. **Headings:** The headings contained in this Stipulation are for convenience of reference only and are not a material part of this Stipulation.

23. **Execution:** This Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Stipulation, and may be executed by facsimile signature and facsimile notary seal.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein, and have each executed this Stipulation to be effective on the day and date indicated below.

THIS STIPULATION INCLUDES A RELEASE
OF ALL KNOWN AND UNKNOWN CLAIMS

Dated: November 15, 2017

_____
NORVILIA ETIENNE
On Behalf of herself and plaintiff Queens College Students for Life

STATE OF New York )
) ss.:
COUNTY OF Queens )

On the 15th day of November 2017, before me personally came and appeared NORVILIA ETIENNE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

TERESA BUBNIK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BU6171229
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES: 7/15/19

15

Dated: November 15, 2017

ALLIANCE DEFENDING FREEDOM
*Attorneys for Plaintiffs*
By:

_____
M. Casey Mattox
J. Caleb Dalton
440 First Street, NW, Suite 600
Washington, DC 20001
(202) 393-8690 (phone)

Dated: November 15, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendants*
By:

_____
David B. Diamond, Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8476

Dated: November ____, 2017

**SO ORDERED:**


_____
Honorable Carol Bagley Amon
United States District Judge

16